[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-10662

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RHASHEEL CHARLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:21-cr-00084-TJC-PDB-1

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Rhasheel Charles appeals his 36-month sentence following the revocation of his supervised release. Charles argues that his sentence was substantively unreasonable because the district court failed to properly weigh the § 3553(a) factors by giving insufficient weight to his lack of criminal history, the sentencing guidelines, and the Sentencing Commission's policy statements.

We review the reasonableness of a sentence, including one imposed upon the revocation of supervised release, for an abuse of discretion. *United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010) (*en banc*); *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). In reviewing the reasonableness of a sentence, we will not substitute our own judgment for that of the district court and will "affirm a sentence so long as the court's decision was in the ballpark of permissible outcomes." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) (quotation marks omitted). The party challenging the sentence bears the burden of proving it is unreasonable. *United States v. Boone*, 97 F.4th 1331, 1338-39 (11th Cir. 2024).

If a defendant violated a condition of supervised release, the district court may revoke the supervised release and "require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." 18 U.S.C. § 3583(e)(3). To determine

the defendant's sentence following revocation of supervised release, the district court must consider the factors set forth in § 3553(a), including the guidelines and policy statements issued by the Sentencing Commission. *Sweeting*, 437 F.3d at 1107; 18 U.S.C. § 3553(a); *see* U.S.S.G. § 7B1.4. The primary goal in sentencing a defendant upon revocation of supervised release is to sanction "the defendant's breach of trust," not the particular conduct triggering the violation. U.S.S.G. Ch. 7, Pt. A, intro. cmt. 3(b). For that reason, "the sanction for the violation of trust should be in addition, or consecutive, to any sentence imposed for the new conduct." *Id.*

The advisory sentencing range for violation of supervised release is determined based on the grade of the violation, as set forth in the Sentencing Commission's policy statement. U.S.S.G. § 7B1.4. A Grade A violation of supervised release is any conduct constituting either: "(A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm . . ."; or "(B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years." U.S.S.G. § 7B1.1(a)(1). The range of imprisonment applicable upon revocation of a Grade A violation and a criminal history category of I is 12-18 months of imprisonment. U.S.S.G. § 7B1.4(a).

If the district court imposes an upward variance, "it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."

*United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008); *see United States v. Silva*, 443 F.3d 795, 799 (11th Cir. 2006) (holding that policy statements of Chapter 7, which provide the recommended ranges of imprisonment applicable upon revocation, are "merely advisory and not binding"). We "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Although the district court is required to consider all relevant § 3553(a) factors, "the weight given to each factor is committed to the sound discretion of the district court," and the court "may attach great weight to one factor over the others." *Butler*, 39 F.4th at 1355. Even if a defendant's conduct is "completely unrelated to his offense of conviction," it may be considered as part of his history and characteristics and other factors under § 3553(a) and, therefore, it may be considered when imposing a variance. *United States v. Overstreet*, 713 F.3d 627, 638 n.14 (11th Cir. 2013).

Here, Charles's sentence is not substantively unreasonable. The district court supported its upward variance to 36 months with extensive reasoning and referenced multiple § 3553(a) factors. *See Butler*, 39 F.4th at 1355; *Williams*, 526 F.3d at 1322. The district court stated that it looked to the nature and circumstances of the crime, Charles's history and characteristics, his "zero criminal history," and "the other factors," such as punishment, reflecting the seriousness of the crime, deterrence, protecting the public from further crimes, and avoiding an unwarranted sentencing disparity.

*See Butler*, 39 F.4th at 1355.  To the extent that Charles argues that the district court abused its discretion by giving too little consideration to the Guidelines by doubling the high end of the range, the sentence was not unreasonable in light of the countervailing factors described on the record.  So long as the record reflects that the court considered all the § 3553(a) factors, such as the seriousness of the offense, promoting respect for the law, adequate deterrence, and protecting the public, the sentence weight accorded to each factor lies within the discretion of the district court.  *Butler*, 39 F.4th at 1355.  Considering that Charles pled guilty to committing the offense of domestic battery by strangulation and false imprisonment less than five months after being released from federal custody, coupled with the severity of the violations of supervision, the district court did not abuse its discretion by finding that an upward variance from the guideline range was warranted.  *Williams*, 526 F.3d at 1322; *Overstreet*, 713 F.3d at 638 n.14.

Additionally, Charles's contention that the district court failed to appropriately weigh the state court convictions because the guideline range for Grade A violations already accounted for the convictions fails because the district court expressly considered the Sentencing Commission's policy statement and guidelines range of 12 to 18 months before imposing the sentence.  U.S.S.G. § 7B1.4(a).  The recommended ranges of imprisonment are "merely advisory and not binding."  *Silva*, 443 F.3d at 799.  The fact that Charles had already been punished in state court for the substantive offense underlying his violations did not, in and of itself, warrant a lighter sentence because the sentence imposed upon

revocation is a distinct sanction. *See* U.S.S.G. Ch. 7, Pt. A, intro. cmt. 3(b). The district court's explanation of its sentence weighed primarily on Charles's breach of the court's trust. *See* U.S.S.G. Ch. 7, Pt. A, intro. cmt. 3(b). The court explained that Charles had been released from federal custody on March 19, 2021, and soon after, on August 8, 2021, he committed a more serious crime than the crime he was put into federal prison for. The court also stated that "probably the worst thing somebody can do on federal supervision is to commit another crime . . . especially a felony crime." And "because he did this while he was on federal supervised release," the court stated that "there has to be substantial accountability." It is not unreasonable for a more serious violation of the court's trust to be met with a more severe sentence. *See* U.S.S.G. Ch. 7, Pt. A, intro. cmt. 3(b); *Silva*, 443 F.3d at 799. Because Charles has not shown that the district court abused its discretion by finding that an upward variance from the guideline range was warranted, the judgment of the district court is

    **AFFIRMED**.